**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: DONALD W. LORT,**
**(Bankruptcy Case No. 3-04-bk-12667-3P)**

                 **Debtor.**

---

**DONALD W. LORT,**

                 **Appellant,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-509-Orl-31KRS**

**FERGUSON ENTERPRISES, INC.,**

                 **Appellee.**

---

# ORDER

The Debtor/Appellant, Donald W. Lort ("Lort") appeals the order of the Bankruptcy Court (Doc. 1-3) denying his discharge pursuant to Section 727(a)(2)(A) of the Bankruptcy Code. That section of the Code provides in pertinent part that the court shall grant a discharge unless the debtor, "with intent to hinder, delay, or defraud a creditor ... has transferred ... property of the debtor, within one year before the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(A). The instant appeal hinges on the requirement that the transfer at issue involve "property of the debtor."

In its Findings of Fact and Conclusions of Law (Doc. 1-10), the Bankruptcy Court found that Lort – the sole officer, director, and corporate shareholder of Premier Plumbing ("Premier") – transferred $66,100 from Premier's bank account to his relatives, former wives and girlfriend. (Doc. 1-10 at 2). Although Lort contended the transfers were for legitimate business expenses, he

was unable to produce business records, such as receipts or invoices, to substantiate his contentions. (Doc. 1-10 at 3). The transfers occurred in February and March 2004, less than one year before Lort filed a petition for relief under Chapter 7 of the Bankruptcy Code. (Doc. 1-10 at 1). Premier has not filed a bankruptcy petition.

One of Lort's creditors sought a denial of his discharge on the grounds that the transfers violated Section 727. Lort argued that the transfers all involved property of a third party (Premier), rather than property of the debtor, as required for Section 727 to apply. (Doc. 1-10 at 5). Relying on one of its earlier decisions – *In re Benjamin*, 210 B.R. 203 (Bankr.M.D.Fla. 1997) – the Bankruptcy Court concluded that Lort's status as sole officer, director and corporate shareholder of Premier made the money he transferred from Premier's account "property of the debtor," making Section 727 applicable. (Doc. 1-10 at 5).

This decision must be reversed. It is black-letter law that a corporation is a "separate entity, a legal being having an existence separate and distinct from that of its owners." *Krivo Indus. Supply Co. v. National Distillers & Chemical Corp.*, 483 F.2d 1098, 1102 (5th Cir. 1973). A corporation's property is not property of its shareholders, even where, as here, the corporation has only one shareholder. *See*, *e.g.*, *Fowler v. Shadel*, 400 F.3d 1016 (7th Cir. 2005).

*In re Benjamin* – the case cited by the Bankruptcy Court on this point – does not provide a basis for ignoring the distinction between Lort and the corporation whose shares he owned. In *Benjamin*, the debtor had transferred assets to his wife from "Triangle Cars," his defunct car-sales business, shortly before he filed his bankruptcy petition. *Benjamin* at 206. A creditor sought denial of the discharge under Section 727(a)(2)(A). *Id.* The court found that the debtor operated Triangle Cars and was a 25-percent shareholder of the corporation that controlled it, and that he

had admitted allowing his wife to take over some of the car-lot locations that Triangle Cars was dropping. *Id.* Without explanation or citation to other precedent, the *Benjamin* court concluded that because of these findings, the property transferred to the wife was property of the debtor. *Id.* As in the instant case, the *Benjamin* court did not make a finding that the corporation was the debtor's alter ego or provide any other basis for ignoring the corporate fiction in this fashion. In the end, the *Benjamin* case is not persuasive.

The Appellee points to a number of other cases in which a bankruptcy court found that the assets of a wholly owned corporation were property of the debtor/shareholder, but none of them appear to do so solely because the debtor owned the corporation. *See*, *e.g.*, *In re Hollingsworth*, 224 B.R. 822, 829 (Bankr.M.D.Fla. 1998) (stating that "[w]hile it is true that the airplane was never technically owned by the Debtor, it is equally clear that the Debtor *had, and still has absolute control of the airplane and is still the owner of all the corporate assets of LexAir, to wit, the airplane*. Hence, the Court is satisfied that the corporate assets are, in fact, property of the Debtor.") (emphasis added). To the extent that any of the cited cases might have relied on the debtor's ownership in determining whether the corporation's assets were assets of the estate, they neither cite nor provide authority for simply disregarding the distinction between a corporation and its shareholders.

Finally, Lort argues that, in the event of a reversal, the case should not be remanded to the Bankruptcy Court for further proceedings. (Doc. 22 at 8). According to Lort, the allegation that Premier was his alter ego was not part of the pleadings or the proof below. (Doc. 22 at 8). This Court will leave it to the Bankruptcy Court to determine whether such an allegation was pleaded or proven, or whether there is some other basis – aside from the mere fact of ownership – for

concluding that the transferred property was property of the estate for purposes of 11 U.S.C. § 727(a)(2)(A).

In consideration of the foregoing, it is hereby **ORDERED** that the decision of the Bankruptcy Court is **REVERSED** and **REMANDED** for further proceedings consistent with this order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 27, 2006.

                                                                        _____
                                                                        GREGORY A. PRESNELL
                                                                        UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party